UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DISCOPOLUS, LLC, et al., | Case No. 3:17-CV-0574-MMD (VPC) |
| Plaintiffs, | **ORDER** |
| v. | |
| CITY OF RENO, et al., | |
| Defendants. | |

Before the court is the motion of plaintiff dancer JT ("plaintiff JT") for leave to proceed in pseudonym (ECF No. 10).[1] Defendants City of Reno and Michael Chaump ("defendants") opposed (ECF No. 15), and plaintiff JT replied (ECF No. 18). For the reasons set forth below, plaintiff JT's motion (ECF No. 10) is granted.

I. **Procedural History**

Plaintiff JT is among other plaintiffs who filed a declaratory relief action to enjoin the defendants from allegedly violating the First Amendment and privacy rights of performers and dancers who work at named topless strip clubs by declaring void and unconstitutional the current "adult interactive cabaret" and related "work permit" regulations and to prohibit the resumption of restrictive licensing of these performers until defendant City of Reno adopts standards that are clear and not unconstitutionally overbroad (ECF No. 9).

Plaintiff JT is a twenty-nine-year-old single mother of two children who moved to Reno from California to find work (ECF No. 11-2, Ex. 2). Plaintiff JT also relocated to Reno because

---

[1] Plaintiff Discopolus LLC, doing business as the Wild Orchid, Fantasy Girls, Diamond Dolls of Nevada, Spice House, and an individual plaintiff, Sparkle Leilani Taylor, are also named plaintiffs, but do not bring this motion (ECF No. 9).

1

she has a domestic violence protective order against a family member in California. (*Id.*) She has a high school degree and was on public assistance until she came to Reno to find work. (*Id.*) Plaintiff JT was briefly employed in Reno as a server, and then applied for a position at the Wild Orchid. (*Id.*) Plaintiff JT learned that in order to work at the Wild Orchid, she had to obtain three types of business licenses: (1) a license from the State of Nevada for $200; (2) a City of Reno business license for $101; and (3) a Reno Police Department Card for $100.25. (*Id.*) Plaintiff JT obtained the State of Nevada license, but she is fearful that if she applies for the City of Reno business license, her name and whereabouts will become public information available to her abuser in California. (*Id.*) She also objects to having to obtain a police card in order to dance topless. (*Id.*)

Plaintiff JT has several other concerns about using her legal name in this lawsuit. First, if she becomes a licensed dancer, her name and address will be readily available on the internet. (*Id.*) Second, she is "afraid that if it were widely known that I was working in Reno as a stripper, I could be attacked and for sure my children would be teased and urged to turn against me." (*Id.*) Third, plaintiff JT is constantly concerned about stalkers and men who follow her from the club to her home at night, so she uses a stage name so that customers will not harass her after work. (*Id.*) She does not want customers to contact her outside of the "highly secure, supervised area of [her] work." (*Id.*)

Plaintiff JT agrees to be bound by this court's orders directed to her pseudonym rather than her legal name, to disclose her true name to the court under seal and to opposing parties and counsel, provided it is not disclosed to the media or general public, and to work with opposing parties to minimize the burden that may arise by proceeding in this action under a pseudonym. (*Id.*)

II. **Legal Discussion and Analysis**

Courts disfavor anonymity because it is contrary to the fundamental principle that courts and judicial records are open. *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067-68 (9th Cir. 2000). In *Advanced Textile*, the court held that "a party may preserve his or her

anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* at 1068. The court has discretion to allow pseudonyms as noted in *Advanced Textile*: "In this circuit, we allow parties to use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Id.* at 1067, (citing *United States v. Doe*, 655 F.2d 920 (9th Cir. 1981) (using pseudonyms in opinion because appellant, a prison inmate, "faced a serious risk of bodily harm" if his role as a government witness were disclosed) and *Doe v. Madison School Dist. No. 321*, 147 F.3d 832 (9th Cir. 1998) (stating that plaintiff filed the case as a "Jane Doe" because she feared retaliation by the community). "The question is one of balance." *See Jane Roes 1-2, on behalf of themselves and all others similarly situated v. SFBSC Management, LLC*, 77 F.Supp.3d 990, 993 (N.D.Cal. 2015).

Defendants contend that plaintiff JT's motion should be denied because: (1) she is not legally entitled to anonymity; (2) she has not shown a reasonable threat of harm; and, (3) her alleged privacy concerns do not justify anonymity to avoid embarrassment and social stigma. (ECF No. 15).

*SFBSC Management, LLC* is instructive. There, plaintiffs also worked as "exotic dancers," which is to say "nude and semi-nude dancers" – at various nightclubs. *Id.* at 991. The case was a wage dispute brought under the Fair Labor Standards Act and related state labor laws. Plaintiffs sought anonymity because exotic dancing carries a significant social stigma, the details of their claims would involve highly personal and sensitive information, they risked injury if their names and addresses were made public to nightclub patrons, and disclosure might affect their future employment prospects outside the adult entertainment industry. (*Id.*) The court held that pursuant to the analysis in *Advanced Textile Corp.*, the plaintiffs should be allowed to proceed under pseudonyms for the reasons they stated. (*Id.*)

This court finds that like the plaintiffs in *SFBSC Management*, plaintiff JT has identified an adequate threat of personal embarrassment and social stigmatization that favors allowing her to

3

proceed under a pseudonym. In addition, plaintiff JT is the mother of two young children and disclosure of her identity may stigmatize them as well. Finally, plaintiff JT has demonstrated a reasonable fear of harm, given the domestic violence protective order issued against a family member.

### III. Conclusion

Plaintiff JT's motion for permission to proceed under a pseudonym (ECF No. 10) is GRANTED.

IT IS ORDERED that Plaintiff JT may proceed under a pseudonym in this litigation, and that she shall be bound by the orders of this court directed to her pseudonym rather than her true name.

IT IS FURTHER ORDERED that plaintiff shall disclose her true name to this court under seal and to defendants and their counsel, but her true name and identity shall not be disclosed to the media or the general public.

IT IS FURTHER ORDERED that the parties in this case and their counsel shall cooperate and work in good faith to minimize any undue burden on the proceedings as a result of this order.

DATED this 16th day of November, 2017.

_____
UNITED STATES MAGISTRATE JUDGE